IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ERIC BROWN                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO. 1:13-CV-00176-SA-JMV

COOPER TIRE & RUBBER COMPANY, and
T.K. GROUP, INC.                                                                           DEFENDANTS

## ORDER ON MOTIONS IN LIMINE

Presently before the Court are the Motions in Limine of T.K. Group [93, 96] and Cooper Tire [123].

*Hauss' Testimony about Meaning of Statements*

T.K. Group has moved for exclusion of testimony that may be elicited from Cooper Tire human resources employee and workers' compensation specialist, Monica Hauss. At her deposition, Hauss recounted two conversations she allegedly had with T.K. Group's audiogram technicians. According to Hauss, following Plaintiff's hearing test on October 4, 2012, one technician told her:

> I think we have a problem. And [Hauss] asked why, and who, first of all. And he said, normally, when we see something all over the board, which [Brown's] test was all over the board, then it is an indication that they are click, click, click, click, click. And that is exactly, you know, what he said, so . . .

Hauss also recounts a similar conversation after Plaintiff's follow-up test on October 9, in which a technician allegedly explained:

> [p]retty much the same thing as before, that, hey, we think there is something going on, and probably a click, click, click, click, that their experience when something like that—when it shows all over the board, then it is normally someone just going click, click, click, click, just hitting the button, constantly hitting the button.

Hauss then characterized these two conversations as follows:

> Q: Did either of the teams of the technicians who conducted the hearing tests say anything to you to the effect that Mr. Brown falsified his tests?
>
> A: I don't recall their terminology, but that is what they implied, that—
>
> Q: Is that what you understood?
>
> A: Yes, sir.
>
> Q: Did they specifically use the word falsify?
>
> A: I don't recall.

T.K. Group argues that Hauss' testimony about the meaning of the two conversations—specifically that they "implied" falsified tests and that she "understood" that to be their meaning—should be excluded as impermissible lay opinion testimony.

The admissibility of a witness's testimony concerning the meaning of statements and conversations is governed by Federal Rule of Evidence 701, which provides that lay witness testimony "in the form of an opinion" must be "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue . . . ." FED. R. EVID. 701; *United States v. Flores*, 63 F.3d 1342, 1359 (5th Cir. 1995); *United States v. Sanchez-Sotelo*, 8 F.3d 202, 211 (5th Cir. 1993). Generally speaking, courts "do not permit a witness to 'interpret' an out-of-court statement." 6 JONES ON EVIDENCE § 39:30 (7th ed.) (citations omitted); *see also United States v. White*, 569 F.2d 263, 267 (5th Cir. 1978) ("[The witness's] explanation of the term 'in the bag' constitutes an impermissible interpretation of what [the defendant] said.").

Indeed, the Fifth Circuit has recognized that Rule 701 "prohibits explanatory commentary where the language of the conversation would allow the jury to draw its own conclusions." *Sanchez-Sotelo*, 8 F.3d at 211 (holding that undercover agent's testimony about "plain meaning of [a] recorded conversation" was improperly admitted, but affirming upon finding error to be

insubstantial) (citation omitted); *see also* 4-701 WEINSTEIN'S FEDERAL EVIDENCE § 701.03 ("Rule 701 'does not 'allow a witness to serve as the thirteenth juror' . . . .") (citing *United States v. Grinage*, 390 F.3d 746, 751 (2d Cir. 2004) (finding interpretation of conversations impermissible "because, rather than being helpful to the jury, it usurped the jury's function"), and *United States v. Freeman*, 730 F.3d 590, 597 (6th Cir. 2013) (explaining that agent "effectively spoon-fed his interpretations of the phone calls and the government's theory of the case to the jury, interpreting even ordinary English language")) (other citation omitted).

In contrast, when words or statements are unclear and the witness demonstrates that he or she is in a unique position to supply meaning, the Fifth Circuit has held testimony helpful to the trier of fact and admissible as lay opinion testimony under Rule 701. *See Flores*, 63 F.3d at 1359 (finding co-conspirators' testimony "helpful, if not essential, to the jury's understanding of the evidence" when "the conspirators peppered their discourse with code phrases and oblique references"); *United States v. Grace*, 568 F. App'x 344, 354-55 (5th Cir. 2014) (affirming admission of testimony of undercover FBI cooperating witness where it was established that the defendant was aware that law enforcement may be listening and therefore made statements that "did not always speak for themselves").

Whether the evidence will provide a basis for Hauss to supply additional meaning not conveyed by the technicians' words is, in the Court's opinion, an issue best resolved in the full context of trial. Thus, T.K. Group's Motion in Limine [96] is DEFERRED until trial, where it should be re-urged if necessary.

*Evidence of Technicians' Statements*

T.K. Group additionally seeks a limiting instruction for testimony and documentary evidence that may be offered to further prove the content of Hauss' alleged conversations with the T.K. Group employees. Hauss allegedly told certain Cooper Tire employees, including the

3

primary decisionmaker Cole Goodson, that the T.K. Group technicians communicated to her that Plaintiff falsified his hearing tests. T.K. Group argues that, insofar as they may be used to prove that the technicians made such statements, the testimonies of Cooper Tire employees other than Hauss is inadmissible hearsay, as are any documents containing Hauss' statements about the alleged conversations with the technicians.

Hearsay is an out of court statement "offered into evidence to prove the truth of the matter asserted." *United States v. Dunigan*, 555 F.3d 501, 507 (5th Cir. 2009) (quoting FED. R. EVID. 801(c)). If there is no applicable exception or exemption, hearsay is inadmissible. FED. R. EVID. 802.

The proffered evidence here contains "two layers of potential hearsay infirmities," and thus the Court will evaluate each in turn. *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 701 (5th Cir. 2014). First are the alleged statements by the T.K. Group technicians to Hauss, that Plaintiff falsified his hearing tests. These initial statements are not hearsay for two reasons. First, as used against T.K. Group, they would not be offered for the truth of the matter asserted, i.e., to show that Plaintiff falsified his tests. *See* FED. R. EVID. 801(c). Rather, Plaintiff seeks to show that he did not falsify his hearing tests, and that T.K. Group's assertion that he did was a misrepresentation. *See* Mem. Opp'n Summ. J., at 23 [71]. Second, the statements allegedly made by T.K. Group technicians would qualify as statements of an opposing party as they were "made by [T.K. Group's] agent[s] or employee[s] on a matter within the scope of that relationship . . . ." FED. R. EVID. 801(d)(2)(D).

At the second layer are Hauss' statements in which she allegedly reported the technicians' communications. These do not qualify as statements of a party opponent when they are offered against T.K. Group, as Hauss is an employee of Cooper Tire, not of T.K. Group. *See* 4 JONES ON EVIDENCE § 27:3 (7th ed.) ("In a civil action, *P v. D1 and D2*, a statement by *D1* or

*D1*'s agent or employee, offered by *P,* is admissible as an admission against *D1,* but the admission exception does not admit the statement against *D2,* because *D2* is not the party who made the statement."); *see also United States v. Weinrich*, 586 F.2d 481, 496 (5th Cir. 1978) (finding that instruction prohibiting jury from using co-defendant's statement against the other defendant appropriately cured what would have otherwise been improper hearsay testimony). Moreover, insofar as the alleged statements by Hauss may be offered as proof that the T.K. Group technicians *did* communicate falsified tests, such use would be for the truth of the matter asserted.

As such, any statements allegedly made by Hauss that appear in Cooper Tire's documentation or that were allegedly made to Cooper Tire employees would constitute hearsay if used against T.K. Group to prove the content of the technicians' conversations with Hauss. Because Plaintiff has identified no applicable exception, the Court finds that the statements are inadmissible to prove the truth of the matter asserted. Thus, to the extent that T.K. Group seeks exclusion of these statements as used for their improper hearsay purpose, its motion is well taken. If at trial, these statements are admitted for a proper non-hearsay purpose, such as to establish the reason of a witness (namely Goodson) for deciding Plaintiff should be terminated, the Court will evaluate the necessity of a limiting instruction at that time. The Motion [93] is accordingly GRANTED in part and DEFERRED in part.

*Evidence of Ankle Injury*

Cooper Tire moves, pursuant to Rules 401 and 403, to have excluded any evidence of an ankle injury Plaintiff suffered while on the job in July 2012. Following Plaintiff's injury, he filed a workers' compensation claim, which was initially contested by Cooper Tire through Hauss, its workers' compensation specialist. Eventually, Cooper Tire's third-party workers' compensation

administrator determined that Plaintiff's injury was compensable, and payment was made to Plaintiff.

Plaintiff mentioned the ankle injury in his complaint, but at the summary judgment stage, he did not argue that it constituted a disability within the meaning of the ADA. The Court thus held in its summary judgment opinion: "Brown has submitted no proof nor made any argument that his ankle injury constitutes a disability. The Court therefore finds this potential basis for Brown's ADA claim to be abandoned." In light of this ruling, Cooper Tire has moved to exclude any mention of the ankle injury as irrelevant to Plaintiff's ADA claim and overly prejudicial to its defense.

Relevant evidence as defined by the Federal Rules is that which "has any tendency to make a fact more or less probable than it would be without the evidence" if "the fact is of consequence in determining the action." FED. R. EVID. 401. Though, generally speaking, relevant evidence is admissible, Rule 403 vests the Court with discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of" among other things "unfair prejudice, confusing the issues, [or] misleading the jury . . . ." FED. R. EVID. 402, 403. Irrelevant evidence, on the other hand, is never admissible. FED. R. EVID. 402.

Plaintiff argues his ankle injury is relevant to his case as part of Cooper Tire's motivation for his termination from Cooper Tire. He contends that Cooper Tire is very concerned about setting workplace safety records, as evinced by an article in the Tupelo Daily Journal in which it was reported that the Tupelo facility was the first domestic Cooper Tire plant to achieve "2 million man hours worked without a lost-time accident." He argues that either (a) the ankle injury or (b) a hearing disability could have constituted work-related lost time accidents, and that because Plaintiff suffered both, Cooper Tire decided that he "had to go." Thus, Plaintiff contends that his ankle injury was a "huge factor" in the termination decision.

While evidence of the ankle injury may be relevant, it will nonetheless be excluded pursuant to Rule 403, as the Court perceives a high risk of confusing the issues, misleading the jury, and unfair prejudice to Cooper Tire. Given that this case is one of disability discrimination, it is possible the jury could view the ankle injury as a disability and improperly use it as a basis for imposing liability on Cooper Tire. Indeed, Plaintiff's argument that the injury was a "huge factor" in the termination makes clear that he seeks to have the jury do just that. Accordingly, the Court finds that the probative effect of the evidence of Plaintiff's ankle injury, if any, is substantially outweighed by the dangers listed in Rule 403. Cooper Tire's Motion in Limine [123] is GRANTED.

*Conclusion*

For the foregoing reasons, T.K. Group's Motion [93] is GRANTED in part and DEFERRED in part, T.K. Group's Motion [96] is DEFERRED, and Cooper Tire's Motion [123] is GRANTED.

SO ORDERED, this the 14th day of September, 2015.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**